UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case Number: 08-cr-20583

GREGORY MAPP,

    Defendant.
                                                        /

**ORDER GRANTING DEFENDANT'S MOTION TO SETTLE JURY INSTRUCTIONS**

Pending before the court is Defendant Gregory Mapp's "Motion to Settle Jury Instructions." Defendant objects to two of the Government's proposed jury instructions and provides proposed amendments. For the reasons stated below, the court will grant Defendant's motion.

Defendant has been indicted with violations of 21 U.S.C. §§ 925(a) and 960(a). In essence, these statutory sections prohibit the unauthorized importation of controlled substances. In the context of this case in which Defendant is alleged to have imported methylenedioxymethamphetamine ("MDMA"), the Government proposed to define a controlled substance as:

> I instruct you that methylenedioxymethamphetamine (MDMA or ecstasy) is a controlled substance.

(Gov't's Proposed Inst. at 3.) Defendant, apparently intending to proffer that he thought that the substance he possessed was a "knock-off[ ] of erectile dysfunctions pills such as Viagra, Cialis, or Levitra" (Def.'s Mot. at 1), and not a controlled substance, argues that a more substantive definition is required, and proposes:

> "Controlled substance" means a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of subchapter I of the Drug Abuse Prevention and Control Act.  In order for a substance to qualify as a controlled substance, it must be contained on one of the schedules listed above. I instruct you that methylenedioxymethamphetamine (commonly known as MDMA or ecstasy) is a controlled substance found on these schedules.  I further instruct you that the erectile dysfunction drugs known as Viagra, Cialis, and Levitra are not controlled substances because they are not found on these schedules.

(*Id.* at 2.)  Such an instruction is congruent with the statutory definition of a controlled substance as it exists in 21 U.S.C. § 802(6).  On May 27, 2009, the Government responded that it does not object to Defendant's proposed definitional instruction, but seeks to amend the last sentence as:

> I further instruct you that the erectile dysfunction drugs known as Viagra, Cialis and Levitra are not found on these schedules.

(Gov't's Reply at 1.)  The Government argues that Defendant's proposed instruction "implies that these drugs are not controlled substances, which could be confusing because these are prescription drugs, which some jurors may equate with being 'controlled.'" (*Id.* at 2.)  In light of the very specific meaning of "controlled substances" in the charged statutory scheme, the court agrees to an extent with the Government and will amend Defendant's proposed last sentence to be:

> Some prescription drugs are listed as "controlled substances," but not all.  The erectile dysfunction drugs known as Viagra, Cialis, and Levitra do require a prescription, but they are not "controlled substances" under the law because they are not found within the schedules of the Drug Abuse Prevention and Control Act.

The entire instruction will be further modified to suit this court's style, and will read as follows:

> A "controlled substance" is a drug or other substance that is included in schedule I, II, III, IV, or V of part B of subchapter I of the Drug Abuse Prevention and

      Control Act.  In order for a substance to qualify as a "controlled substance," it must be on one of those schedules.  Methylenedioxymethamphetamine (commonly known as MDMA or Ecstasy) is a "controlled substance" found on a schedule.   Some prescription drugs are listed as "controlled substances," but not all.  The erectile dysfunction drugs known as Viagra, Cialis, and Levitra do require a prescription, but they are not "controlled substances" under the law because they are not found within the schedules of the Drug Abuse Prevention and Control Act.

      Defendant also seeks to amend the Government's proposed instruction concerning Defendant's knowledge of the identity of the controlled substances.  (Def.'s Mot. at 3.)  The Government now replies that it has no objection to Defendant's amendment.  Thus, the parties agree – and the court intends to use – the following knowledge instruction:

> It is sufficient that the defendant knew that the substance was some kind of prohibited controlled substance but it does not matter whether the defendant knew that the substance was methylenedioxymethamphetamine (MDMA or Ecstasy).

(Gov't's Reply at 2.)

      Accordingly, IT IS ORDERED that Defendant Gregory Mapp's "Motion to Settle Jury Instructions" [Dkt. # 23] is GRANTED and his two amended jury instructions are APPROVED as modified above.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  May 28, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 28, 2009, by electronic and/or ordinary mail.

<u>s/Lisa Wagner</u>
Case Manager and Deputy Clerk
(313) 234-5522
