UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                   Case No. 08-20583

GREGORY MAPP,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

After a jury trial, Defendant Gregory Mapp was convicted of two counts relating to his importation, into the United States, of approximately seventy-five pounds of methylenedioxymethamphetamine ("MDMA" or "Ecstacy'), a Schedule I Controlled Substance. Pending before the court is Defendant's "Motion For A New Trial," brought pursuant to Federal Rule of Criminal Procedure 33. The motion alleges "newly discovered evidence and other grounds." (Def.'s Mot. at 1.) Specifically, Defendant avers that:

> After the trial, [Defendant's girlfriend] had a discussion with Mitchell Ribitwer, Mapp's prior attorney in this case. In the course of that conversation, Ribitwer told her that in his first conversation with Mapp, on October 27, just two days following his arrest, Mapp told Ribitwer that he (Mapp) thought he was carrying a sexual dysfunction drug, like Viagra.

(*Id.*) Defendant's attorney argues, in essence, that his failure to identify and call Ribitwer as a witness amounts to the ineffective assistance of counsel because he "simply did not think of Mitchell Ribitwer as a potential defense witness." (*Id.* at 3.) Defendant's counsel further alleges that he failed to provide "effective assistance of

counsel because [he] (1) failed to exercise due diligence in not thoroughly interviewing Mr. Ribitwer about his discussions with defendant, and (2) in not removing himself as trial counsel, so that he could have appeared as a witness in defendant's behalf." (*Id.* at 5.) The Government has responded. For the reasons stated below, the court will deny Defendant's motion.

## II. STANDARD

Federal Rule of Criminal Procedure 33 ("Rule 33"), which governs motions for new trials, provides that:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires . . .
>
> (b) Time to File.
>
> > (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
> >
> > (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33. "The defendant bears the burden of showing that a new trial ought to be granted." *United States v. Seago,* 930 F.2d 482, 488 (6th Cir. 1991). "The decision to grant or deny a motion for new trial rests within the district court's sound discretion" and will not be reversed "absent a clear abuse of discretion." *Id.*

## III. DISCUSSION

Under Rule 33, Defendant has timely filed his motion for new trial, i.e., within seven days after conviction. A motion for new trial that is based on newly discovered evidence is generally disfavored, *United States v. Sims,* 156 F. Supp. 2d 655, 659 (E.D.

Mich. 2001), and "should be granted with caution," *Seago,* 930 F.2d at 488.  Further, in the typical case, a claim of ineffective assistance of trial counsel is raised in a post-conviction motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990).

Rule 33 "plac[es] limitations on the new evidence that may warrant the grant of a motion for new trial."  *Seago*, 930 F.2d at 488.  To obtain a new trial based on newly discovered evidence, "[t]he defendant must establish that (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal."  *Id.* (citing *United States v. O'Dell,* 805 F.2d 637, 640 (6th Cir. 1986)).

### A. Newly Discovered Evidence

"The first prong of the . . . test requires the newly discovered evidence to be evidence not known by the defendant at the time of trial."  *Seago*, 930 F.2d at 488.  "[E]vidence of ineffective assistance of counsel is not newly discovered evidence for purposes of a motion for new trial where the facts supporting the claim were within the defendant's knowledge at the time of trial."  *Id.* at 489. This "narrow interpretation of 'newly discovered' is justified by the heightened finality concerns and practical implications of Rule 33 motions based on new evidence."  *Johnson v. United States,* 246 F.3d 655, 658 n. 5 (6th Cir. 2001).

Here, the newly discovered evidence consists of statements allegedly made by Defendant to his first attorney, in which he disclaimed knowledge of the true nature of the substance he smuggled into the United States, and averred that he believed it to be

3

a Viagra-like knock-off. (Def.'s Mot. at 1.) Defendant, through his trial counsel, alleges ineffectiveness of that counsel in failing to present this testimony (or alternatively, counsel's failure to remove himself from the case and attempt to testify to the same effect himself). (*Id.* at 3.) Defendant's counsel argues that he only later realized the importance of Defendant's earlier statements, in light of Defendant's testimony at trial showing that he never questioned anyone at the time of his arrest about the true nature of the substance, reacted in any way to being told that the drugs were "Ecstacy," or stated anything about a supposed belief that the pills were essentially harmless sexual potency knock-offs. (*Id.* at 2-3.) At trial, Defendant's testimony was not inconsistent with the investigating agent's recollections of his interviews with Defendant. (*Id.* at 3.)

Defendant, of course, was in the best position to know what, if anything, he had told his prior attorney, whether that information be useful or damaging. Thus, any facts giving rise to the current alleged ineffectiveness of trial counsel were well within Defendant's knowledge at the time of trial. Indeed, these same facts were known by Defendant since the time of his alleged disclosure, on November 3, 2008, more than six months before trial. (Def.'s Mot. at 1.) His attorney's purported deficiencies during trial being obvious to him, Defendant cannot argue that the evidence giving rise to them is "newly discovered." *See United States v. Pierce*, 62 F.3d 818, 825 (6th Cir. 1995). In addition, Defendant could easily have testified himself on these matters, and if his testimony were challenged as a recent fabrication he could have brought in his prior lawyer or others to prove that the statements were, in fact, made at the time alleged.

The failure to pursue a particular potential witness – to elicit the statements a defendant made to that potential witness – constitute "facts" that are within the

4

defendant's knowledge at the time of trial. *Seago,* 930 F.2d at 489. It is the evidence itself, and not its legal implications or significance, that must be newly discovered. *Id.*; *United States v. Olender,* 338 F.3d 629, 635 (6th Cir. 2003). The court concludes that the facts supporting Defendant's "newly-discovered evidence" claim were within his knowledge before and during trial. Therefore, his ineffective assistance of counsel claim does not warrant relief under Rule 33 and the first prong of the O'Dell test.

### B. Remaining O'Dell Factors

The court need not consider whether Defendant's alleged statements to his prior counsel could have been discovered earlier, are material, or would likely produce an acquittal, since Defendant has failed to satisfy the first prong of the test. The failure to prove any one of the O'Dell factors is fatal to a motion for a new trial. *Sims*, 156 F. Supp. 2d at 661 (citing *United States v. Freeman*, 77 F.3d 812, 817 (5th Cir.1996)).[1]

### III. CONCLUSION

Defendant has not shown that his trial attorney's alleged ineffectiveness, in his failure to present statements Defendant allegedly made to his prior counsel, is newly discovered evidence within the meaning of Rule 33(b)(1).

Accordingly, IT IS ORDERED that Defendant's "Motion for a New Trial" [Dkt. # 37] is DENIED.

---

[1] The evidence would likely have never been heard by the jury since, in any event, the Federal Rules of Evidence would have barred its presentation. This is because Defendant seeks to use his own out-of-court statements, through his prior attorney, as a "statement of memory or belief to prove the fact remembered or believed," and this would constitute a use excluded from the hearsay exception normally available for statements tending to prove a "declarant's then existing state of mind." Fed. R. Evid. 803(c).

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: July 15, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 15, 2009, by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522